## Alexander *versus* Kennedy.

An executor of the will of one tenant in common may purchase the estate of another tenant in common, and hold it for his own benefit. Toward such an interest he does not stand in that relation of trust and confidence which would bring him within the well-known doctrine of equity jurisprudence.

At NISI PRIUS. In the matter of exceptions to the Master's report.

Opinion by

STRONG, J.—The master has found that at the death of James M. Kennedy he was seized of the "Garlic Hall property," in trust, as to three thousand nine hundred and sixty-three ten thousandth parts thereof (the whole into ten thousand equal parts to be divided), for Alexander H. Julian, and that Julian subsequently conveyed his interest to the complainant. He has also found that there was a sufficient written acknowledgment of the trust to take the case out of the operation of the act of April 22d, 1856, even if the trust be such an one as was intended to be embraced within that act.

The respondents took no exception before the master to these findings, but suffered the report to be returned without objection. The exceptions which they now offer are therefore too late, under the seventy-sixth rule of this court. I might, indeed, recommit the report, were I of opinion that justice required it. But, after a careful examination, I have been led to concur fully with the finding of the master, in both the

particulars to which the correspondents now desire to except. I am brought therefore directly to a consideration of the exceptions taken by the complainant. It is established that the respondents hold the "Garlic Hall property" as residuary devisees under the will of James M. Kennedy, deceased; that by the said will the complainant was constituted one of the executors thereof, and that he acted as such. The will gave to the executors no control over the real estate of the testator, not even a power of sale. Of that they were trustees for no purpose, though they might have become such by an order of the Orphans' Court to sell it; an order which was never made and never necessary. Their relation to the property in dispute was therefore only such as the will created, and that did not make them even dry trustees. At the time of his death Kennedy, the testator, was, in equity, a co-tenant of the "Garlic Hall property," with Alexander H. Julian, and subsequently, October 31, 1848, the complainant purchased from Julian his interest therein. The purchase was made with his own money, and the consideration paid has never been returned to him, either by the respondent or out of the estate of the testator. Yet inasmuch as at the time when he made the purchase he was one of the executors of the will of James M. Kennedy, the master was of opinion, and has so reported, that he stood in relation of trust and confidence to this property, which prevented him from purchasing and holding for his own benefit the interest of Julian therein, and that he must be treated as having bought for the benefit of the respondents, who were the other co-tenants. In this opinion I cannot concur; I think it is founded on a misconception of the relation which the complainant sustained to the subject of his purchase. I think he was not a trustee for the respondents even of the six thousand and thirty-seven ten thousandths which passed to them under the will of James M. Kennedy.

Nor was there any fiduciary relation as to that property existing between him and them. If it had been sold under judgments existing against them, I know of no principle which would have prevented his becoming a purchaser for his own benefit. But whether this be so or not, there can be no pretence that he was a trustee of Julian's property, an undivided part in which the respondents never had any interest. His disability, therefore, if any there be, does not arise out of the fact that he was a trustee of the property which he bought.

Nor was his the case of the purchaser of an outstanding title to anything claimed by the respondents, as were the purchasers in *Galbraith* v. *Elder*, 8 Watts, 81, and other kindred cases, nor of a debt or incumbrance, which it was his duty to pay or discharge. As executor he had no right to purchase Julian's

[Griffith *v.* Phillips et al.]

interest, and if he had applied the trust funds in his hands to such uses, it would have been a *devastavit*. Julian's interest was real estate, not a claim adverse to the interests of the respondents. At most the purchase by Alexander was a purchase by an executor of the will of one tenant in common of the estate of another tenant in common. I do not know that it has ever been held that an executor is precluded from making such a purchase, or that there is any rule of equity which forbids it.

I shall therefore sustain the first exception to the master's report taken by the complainant, and I shall hold that the complainant's purchase from A. H. Julian vested in him for his own use the three thousand nine hundred and sixty-three ten thousandth parts of the "Garlic Hall property."

The second exception I overrule, being of opinion that the complainant is justly chargeable with a proportional part of the fee paid to Mr. Gibbons.

The view which I take of the case leads to the conclusion that the complainant is entitled to a conveyance of the three thousand nine hundred and sixty-three ten thousandth parts of the property upon his payment to Sybilla S. Kennedy of $1,144 75, as reported by the master. I shall decree accordingly. And I shall decree that the defendants pay the costs.